December 29, 2025

**VIA ELECTRONIC FILING**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St
New York, NY 10007

> **Re:** *Salabaj v. StubHub Holdings, Inc. et al.*, Case No. 25-cv-9776 (JMF);
> *Junco v. Baker et al.*, Case No. 25-cv-10208 (JMF); *Cohen v. Baker et al.*, Case No. 25-cv-10445 (JMF)
> **Parties' Positions on Consolidation and/or Coordination**

Dear Judge Furman:

Pursuant to the Court's Order dated December 15, 2025, the parties in the above-referenced matters, by and through their undersigned counsel, submit this joint letter regarding their positions on consolidation or coordination of the actions captioned *Salabaj v. StubHub Holdings, Inc. et al.*, Case No. 1:25-cv-9776 (JMF) (the "Securities Action") and *Junco v. Baker et al.*, Case No. 1:25-cv-10208 (JMF) (the "Derivative Action"). The parties further write to inform the Court of a recently filed shareholder derivative action captioned *Cohen v. Baker, et al.*, Case No. 1:25-cv-10445 (JMF) (together with the Derivative Action, the "Derivative Actions").

The parties all agree that the Securities Action and the Derivative Actions should not be consolidated because they are brought by differently-situated plaintiffs against different defendants alleging different claims. The Securities Action alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1, *et seq*. It is brought **against** StubHub Holdings, Inc. ("StubHub"), certain executives, and the underwriters for StubHub's initial public offering and seeks monetary damages. The Derivative Actions are brought by current shareholders of StubHub **on behalf of** the Company against certain executives and members of the Board of Directors, seeking monetary damages and declaratory relief, for alleged breaches of fiduciary duties, waste of corporate assets, aiding and abetting, unjust enrichment and for contribution against certain officers and/or directors of StubHub pursuant to Section 11(f) of the Securities Act of 1933 and 21D of the Securities and Exchange Act of 1934. Due to these differences, courts typically decline to consolidate securities and derivative actions. *See, e.g.*, *In re Bear Stearns Cos. Sec., Deriv. & ERISA Litig.*, 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009).

However, Plaintiffs Junco and Cohen submit that consolidation and appointment of a leadership structure of the Derivative Actions would be appropriate given that both actions are brought on behalf of StubHub against substantially the same defendants for substantially the same alleged misconduct and seek substantially similar relief. Courts routinely consolidate shareholder derivative actions. *E.g., Heed v. Miller*, 2018 WL 1532955, at *2 (E.D. Pa. Mar. 28, 2018) (consolidating four shareholder derivative actions).

1

All parties in both cases agree that the motion deadlines and the hearing date set for appointment of lead plaintiff in the Securities Action should remain in effect.

Plaintiff in the Securities Action takes no position as to how the Derivative Actions proceed. The parties in the Derivative Actions are discussing a stay of the Derivative Actions during the pendency of the anticipated motion to dismiss in the Securities Action, consolidation of the Derivative Actions, and the appointment of leadership.[1] *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); *Bristol Cnty. Ret. Sys. v. QuidelOrtho Corp.*, No. 24-cv-2804 (MKV), 2024 WL 5118417, at *2 (S.D.N.Y. Dec. 16, 2024) (staying derivative actions to promote judicial economy).

The parties in the Derivative Actions anticipate submitting a stipulation and proposed order to the Court in the near term and agree that any current deadlines for Defendants to answer or otherwise respond to the complaints in the Derivative Actions be extended sixty (60) days.

We are available to discuss should Your Honor have any questions or concerns.

Dated:  December 29, 2025

/s/ Rebecca Dawson*
**GLANCY PRONGAY & MURRAY LLP**
Rebecca Dawson
230 Park Ave, Suite 358
New York, New York 10169
Telephone: (213) 521-8007
Facsimile: (212) 884-0988
Email:  rdawson@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Daniel Salabaj in* Case No. 25-cv-9776

---

[1] Defendants would take no position on the appointment of leadership for the Derivative Actions.

/s/ Saadia Hashmi*
**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
Elizabeth Donohoe
Zachary Benson
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net
edonohoe@thebrownlawfirm.net
zbenson@thebrownlawfirm.net

*Counsel for Plaintiff Kevin Junco in* Case No. 25-cv-1028

**RIGRODSKY LAW, P.A.**
By: /s/ Timothy J. MacFall*
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
tjm@rl-legal.com

Samir Aougab
1007 North Orange Street, Suite 453
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
sa@rl-legal.com

*Counsel for Plaintiff Seth Cohen in* Case No. 25-cv-10445

/s/ Jason C. Hegt
**LATHAM & WATKINS LLP**
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, New York 10022
Telephone:  (212) 906-1200
jeff.hammel@lw.com
jason.hegt@lw.com

*Counsel for the StubHub Defendants in* Case Nos. 25-cv-9776, 25-cv-10208, and 25-cv-10445

3

/s/ Daniel Lewis*
**Allen Overy Shearman Sterling US LLP**
Daniel Lewis
Daniel Kahn
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
daniel.lewis@aoshearman.com
daniel.kahn@aoshearman.com

*Counsel for the Underwriter Defendants in* Case
No. 25-cv-9776

* Signature added with attorney's consent

Having reviewed the parties' joint submission, the Court will not consolidate the Securities
Action (Case No. 1:25-CV-9776 (JMF)) with the Derivative Actions (Case Nos. 1:25-CV-10208
(JMF) and 1:25-CV-10445 (JMF)).  That said, the Court agrees that the Derivative Actions
should be consolidated and that a leadership structure for those cases should be appointed.  The
parties in the Derivative Actions shall file a joint letter proposing next steps, including a schedule
and process for appointment of a leadership structure, no later than **January 12, 2026**.

The Clerk of Court is directed to consolidate Case Nos. 1:25-CV-10208 (JMF) and 1:25-
CV-10445 (JMF) and a to file a copy of this Order in Case Nos. 1:25-CV-9776 (JMF), 1:25-
CV-10208 (JMF), and 1:25-CV-10445 (JMF).

SO ORDERED.

January 5, 2026

4