**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SALABAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STUBHUB HOLDINGS, INC., ERIC H. BAKER, CONNIE JAMES, MARK STREAMS, SAMEER BHARGAVA, JEREMY LEVINE, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., BMO CAPITAL MARKETS CORP., MIZUHO SECURITIES USA LLC, TD SECURITIES (USA) LLC, TRUIST SECURITIES, INC., NOMURA SECURITIES INTERNATIONAL, INC., WR SECURITIES, LLC, CITIZENS JMP SECURITIES, LLC, OPPENHEIMER & CO. INC., WEDBUSH SECURITIES INC., and PNC CAPITAL MARKETS LLC,<br><br>Defendants. | Case No. 1:25-cv-09776-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF ANTHONY MASTROGIOVANNI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

Anthony Mastrogiovanni ("Mastrogiovanni") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, *et seq* (the "PSLRA") for an Order: (1) appointing Mastrogiovanni as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B); (2) approving Mastrogiovanni's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired StubHub Holdings, Inc. ("StubHub") common stock pursuant and/or traceable to the Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2025 initial public offering ("IPO" or the "Offering").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Mastrogiovanni is the "most adequate plaintiff" as defined by the PSLRA.

Mastrogiovanni believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Mastrogiovanni satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil

1

Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Mastrogiovanni respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Mastrogiovanni's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

StubHub operates a global ticketing marketplace for live events where fans can buy tickets from sellers of all types through the Company's StubHub and Viagogo websites and mobile applications.

The complaint filed in this class action alleges that the Registration Statement was materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company was experiencing changes in the timing of payments to vendors; (2) those changes had a significant adverse impact on free cash flow, including trailing 12 months ("TTM") free cash flow; (3) as a result, the Company's free cash flow reporting was materially misleading; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

On September 17, 2025, StubHub conducted its IPO, selling approximately 34 million shares of Class A common stock at $23.50 per share.

On November 13, 2025, after the market closed, StubHub issued a press release announcing financial results for the third quarter 2025, which ended September 30, 2025. The

press release revealed free cash flow of negative $4.6 million in the quarter, a 143% decrease from the Company's free cash flow in the year ago period, which was positive $10.6 million. The press release further revealed that the Company's net cash provided by operating activities was only $3.8 million, a 69.3% decrease from the year ago period, where the Company reported $12.4 million.

On the same date, the Company filed its Form 10-Q for the same quarterly period ended September 30, 2025, with the SEC. The quarterly report revealed that this year-over-year decrease "primarily reflects changes in the timing of payments to vendors."

On this news, StubHub's stock price fell $3.95 per share, or 20.9%, to close at $14.87 per share on November 14, 2025, on unusually heavy trading volume.

By the commencement of this action, the Company's stock was trading as low as $10.31 per share, a nearly 56% decline from the $23.50 per share IPO price.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Mastrogiovanni Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

3

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Mastrogiovanni satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Mastrogiovanni has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Mastrogiovanni is not aware of any unique defenses the Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Mastrogiovanni respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Mastrogiovanni Filed a Timely Motion

Mastrogiovanni has made a timely motion in response to a PSLRA early notice. On November 24, 2025, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Mastrogiovanni had sixty days (*i.e.*, until January 23, 2026) to file a motion to be appointed as lead plaintiff. As a purchaser of StubHub shares traceable to the Registration Statement, Mastrogiovanni is a member of the proposed class and has hereby timely filed a motion for appointment as lead

plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Mastrogiovanni attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Mastrogiovanni satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Mastrogiovanni Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Mastrogiovanni believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Mastrogiovanni purchased StubHub securities traceable to the Registration Statement at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $10,634.00. *See* Linkh Decl., Ex. C. To the best of his knowledge, Mastrogiovanni is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Mastrogiovanni believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Mastrogiovanni Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a) Mastrogiovanni's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Mastrogiovanni's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Mastrogiovanni alleges that the Defendants' material

6

misstatements and omissions concerning StubHub's business, operations, and financial prospects violated the federal securities laws. Mastrogiovanni, like all members of the class, purchased StubHub securities in reliance on the Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Mastrogiovanni's interests and claims are "typical" of the interests and claims of the class.

### b)    Mastrogiovanni Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Mastrogiovanni has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Mastrogiovanni resides in Douglaston, New York. He holds a master's degree in business from the New York Institute of Technology. He has been managing his investments for decades. Mastrogiovanni is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Mastrogiovanni is adequate and should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Mastrogiovanni has retained GPM and Holzer as co-lead counsel to pursue this litigation on his behalf and will retain the firms as the class's lead counsel in the event he is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as

reflected by the firms' résumé attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Mastrogiovanni respectfully requests that the Court grant his Motion and enter an Order (1) appointing Mastrogiovanni as Lead Plaintiff; (2) approving his selection of GPM and Holzer as co-lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 23, 2026

**GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Anthony Mastrogiovanni and*
*Proposed Co-Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel for Anthony Mastrogiovanni certifies that this brief contains 2,226 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 23, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 23, 2026, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh