UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL SALABAJ, Individually and on Behalf of all others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STUBHUB HOLDINGS, INC., ERIC H. BAKER, CONNIE JAMES, MARK STREAMS, SAMEER BHARGAVA, JEREMY LEVINE, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., BMO CAPITAL MARKETS CORP., MIZUHO SECURITIES USA LLC, TD SECURITIES (USA) LLC, TRUIST SECURITIES, INC., NOMURA SECURITIES INTERNATIONAL, INC., WR SECURITIES, LLC, CITIZENS JMP SECURITIES, LLC, OPPENHEIMER & CO. INC., WEDBUSH SECURITIES INC., and PNC CAPITAL MARKETS LLC,<br><br>Defendants. | Case No.  1:25-cv-09776-JMF [rel. 1:25-cv-10208-JMF] |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ARIEL KARTEN
FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ...................................................................................................................... 4

    I.        KARTEN SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 4

           A.      Karten Is Willing to Serve as Class Representative .................................... 5

           B.      Karten Has the "Largest Financial Interest" ............................................... 5

           C.      Karten Otherwise Satisfies the Requirements of Rule 23 .......................... 6

           D.      Karten Will Fairly and Adequately Represent the Interests
                 of the Class and Is Not Subject to Unique Defenses ................................. 9

    II.       LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
           BE APPROVED ................................................................................................. 9

CONCLUSION ................................................................................................................... 11

CERTIFICATE OF WORD COUNT ....................................................................................... 12

i

TABLE OF AUTHORITIES

Page(s)

Cases

*Aude v. Kobe Steel, Ltd.*,
    No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (S.D.N.Y. 1992) ...........................................................................................7

*Chahal v. Credit Suisse Grp. AG*,
    No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................6

*Choi* v. *Coupang, Inc.*,
    No. 22-CV-7309 (VSB), 2023 WL 2585979 (S.D.N.Y. Mar. 21, 2023)..................................6

*Dookeran v. Xunlei Ltd.*,
    No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ......................................8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).....................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................6, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992).....................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ..............................................................................................10

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................6

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ....................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................7

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.)..................................................................................................10

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 112 (S.D.N.Y. 2010) ......................................................................................7

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................................9

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)...............................................................................6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)............................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ........................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)..............................................................................10

**Statutes**

15 U.S.C. § 77z-1............................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

Securities Act of 1933.................................................................................................1, 8

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... *passim*

Ariel Karten ("Karten") respectfully submits this memorandum of law in support of his motion pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Karten as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired StubHub Holdings, Inc. ("StubHub" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2025 initial public offering ("IPO" or the "Offering"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") disseminated a materially false or misleading registration statement to investors in violation of the Securities Act.  StubHub investors, including Karten, incurred significant losses as a result of the Defendants' alleged wrongdoing, damaging Karten and other StubHub investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO, Karten: (1) purchased 101 shares of StubHub common stock; (2) expended $2,559 in net funds on StubHub common stock; and (3) as a result of the Defendants' alleged wrongdoing, incurred losses of approximately $1,160.  *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A.  Accordingly, Karten believes that he has the largest financial interest in the relief sought in this litigation.  Beyond his significant financial interest,

1

Karten also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Karten has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Karten respectfully requests that the Court enter an Order appointing Karten as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, StubHub operates a global ticketing marketplace for live events where fans can buy tickets from sellers of all types through the Company's StubHub and viagogo websites and mobile applications.

Just two weeks before the end of the third quarter of 2025, on September 17, 2025, the Company filed its prospectus on Form 424B4 with the U.S. Securities and Exchange Commission ("SEC"), which forms part of the Registration Statement. In the IPO, the Company sold approximately 34,042,553 shares of Class A common stock at a price of $23.50 per share. The Company received proceeds of approximately $758.0 million from the Offering, net of underwriting discounts and commissions. The proceeds from the IPO were purportedly to be used to repay certain debt, satisfy anticipated tax withholding and remittance obligations, and for general corporate purposes, including working capital, operating expenses and capital expenditures or to acquire or make investments in businesses, products, offerings and technologies.

2

On November 13, 2025, after the market closed, StubHub issued a press release announcing financial results for the third quarter of 2025, which ended September 30, 2025. The press release revealed free cash flow of negative $4.6 million in the quarter, a 143% decrease from the Company's free cash flow in the year ago period, which was positive $10.6 million. The press release further revealed the Company's net cash provided by operating activities was only $3.8 million, a 69.3% decrease from the year ago period, where the Company reported $12.4 million in net cash provided by operating activities.

On the same date, the Company filed its Form 10-Q for the same quarterly period ended September 30, 2025, with the SEC. The quarterly report revealed that this year-over-year decrease "primarily reflects changes in the timing of payments to vendors."

On this news, StubHub's stock price fell $3.95 per share, or 20.9%, to close at $14.87 per share on November 14, 2025, on unusually heavy trading volume.

By the commencement of this Action, the Company's stock was trading as low as $10.31 per share, a nearly 56% decline from the $23.50 per share IPO price.

The Registration Statement was materially false and misleading and omitted to state that: (1) the Company was experiencing changes in the timing of payments to vendors; (2) those changes had a significant adverse impact on free cash flow, including trailing 12 months free cash flow; (3) as a result, the Company's free cash flow reports were materially misleading; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Karten and other Class members have suffered significant losses and damages.

ARGUMENT

I.    KARTEN SHOULD BE APPOINTED LEAD PLAINTIFF

Karten should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 77z-1(a)(3)(B)(i)–(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 77z-1(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Karten satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

4

A. Karten Is Willing to Serve as Class Representative

On November 24, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 27(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against StubHub and other defendants, and advising investors in StubHub securities that they had until 60 days from the date of the Notice's publication—*i.e.*, January 23, 2026—to file a motion to be appointed as lead plaintiff.  *See* Dkt. No. 6-1.

Karten has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Hood Decl., Ex. B.  Accordingly, Karten satisfies the first requirement to serve as Lead Plaintiff of the Class.

B. Karten Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).  To the best of his knowledge, Karten has the largest financial interest of any StubHub investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under the federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill.

Aug. 11, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District. *See, e.g.*, *Choi* v. *Coupang, Inc.*, No. 22-CV-7309 (VSB), 2023 WL 2585979, at *3–4 (S.D.N.Y. Mar. 21, 2023); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1–2 (S.D.N.Y. Nov. 13, 2017). Of the *Lax* factors, courts in this District generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

Pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO, Karten: (1) purchased 101 shares of StubHub common stock; (2) expended $2,559 in net funds on StubHub common stock; and (3) as a result of the Defendants' alleged wrongdoing, incurred losses of approximately $1,160. *See* Hood Decl., Ex. A. As such, Karten believes that he possesses the largest financial interest in the outcome of this litigation within the meaning of the PSLRA. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

C.    Karten Otherwise Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007).

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Karten.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

7

Karten's claims are typical of those of the Class. Karten alleges, like other Class members, that Defendants violated the Securities Act by disseminating a materially false or misleading registration statement to investors in connection with StubHub's IPO. Karten, like other Class members, purchased StubHub common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove StubHub's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Karten is an adequate representative for the Class. As set forth in greater detail below, in Pomerantz, Karten has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). In addition to Pomerantz, Karten is also represented by Longman Law, P.C. in this litigation. There is no evidence of antagonism or conflict between Karten's interests and those of the Class. Moreover, Karten has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Hood Decl., Ex. B), and his significant financial interest demonstrates

8

that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Karten has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. C.

> D.      Karten Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Karten's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Karten's ability and desire to fairly and adequately represent the Class has been discussed above.  Karten is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Karten should be appointed Lead Plaintiff for the Class.

## II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See id.* § 77z-1(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class[.]"    *Id.* § 77z-1(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383

9

(S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Karten has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. D. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Karten's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus,

the Court may be assured that by approving Karten's selection of Pomerantz as Lead Counsel, the

members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Karten respectfully requests that the Court issue an Order:

(1) appointing Karten as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz

as Lead Counsel for the Class.

Dated:  January 23, 2026                              Respectfully submitted,

                                                     POMERANTZ LLP

                                                     /s/ J. Alexander Hood II
                                                     J. Alexander Hood II
                                                     Jeremy A. Lieberman
                                                     600 Third Avenue, 20th Floor
                                                     New York, New York 10016
                                                     Telephone: (212) 661-1100
                                                     Facsimile: (917) 463-1044
                                                     ahood@pomlaw.com
                                                     jalieberman@pomlaw.com

                                                     *Counsel for Ariel Karten and Proposed
                                                     Lead Counsel for the Class*

                                                     LONGMAN LAW, P.C.
                                                     Howard T. Longman
                                                     354 Eisenhower Parkway, Suite 1800
                                                     Livingston, N.J. 07039
                                                     Telephone: (973) 994-2315
                                                     Facsimile: (973) 994-2319
                                                     Hlongman@longman.law

                                                     *Additional Counsel for Ariel Karten*

11

CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Ariel Karten, certifies that this brief contains 3,192 words, which complies with the word limit of Local Civil Rule 7.1(c).

Executed on January 23, 2026.

/s/ J. Alexander Hood II
J. Alexander Hood II

12