**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DANIEL SALABAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>STUBHUB HOLDINGS, INC., ERIC H. BAKER, CONNIE JAMES, MARK STREAMS, SAMEER BHARGAVA, JEREMY LEVINE, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., BMO CAPITAL MARKETS CORP., MIZUHO SECURITIES USA LLC, TD SECURITIES (USA) LLC, TRUIST SECURITIES, INC., NOMURA SECURITIES INTERNATIONAL, INC. WR SECURITIES, LLC, CITIZENS JMP SECURITIES, LLC, OPPENHEIMER & CO. INC., WEDBUSH SECURITIES INC., and PNC CAPITAL MARKETS LLC,<br><br>                              Defendants. | Case No.: 1:25-cv-09776 (JMF)<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF EDWARD LIU'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**Table of Contents**

I.      INTRODUCTION ................................................................................................................1

II.     FACTUAL BACKGROUND................................................................................................2

III.    ARGUMENT.......................................................................................................................3

        A.      Edward Liu Should Be Appointed Lead Plaintiff.................................................... 3

                1.      This Motion is Timely ................................................................................... 4

                2.      Movant Edward Liu Has the Largest Financial Interest in the Relief
                        Sought by the Class...................................................................................... 5

                3.      Movant Edward Liu Otherwise Satisfies Rule 23 of the Federal Rules of
                        Civil Procedure ........................................................................................... 6

        B.      The Court Should Approve Movant Edward Liu's Choice of Lead Counsel......... 8

IV.     CONCLUSION....................................................................................................................9

## Table of Authorities

**Cases**

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*,
    No. 08 MDL 1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009)...................................................... 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)...................................................................................................... 8

*Dandong v. Pinnacle Performance Ltd.*,
    No. 10 Civ. 8086, 2013 WL 5658790 (S.D.N.Y. July 9, 2015) (Furman, J.), ECF No. 206...... 8

*Denny v. Canaan, Inc.*,
    No. 21 Civ. 3299, 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021)................................................... 5

*Dura Pharmaceuticals Inc. v. Broudo*,
    544 U.S. 336 (2005).................................................................................................................... 6

*In re Elan Corp. Sec. Litig.*,
    No. 08 Civ. 8761, 2009 WL 1321167 (S.D.N.Y.  May 11, 2009).............................................. 7

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................... 5

*Hoang v. ContextLogic, Inc.*,
    No. 21 Civ. 3930, 2022 WL 1539533 (N.D. Cal. May 16, 2022) .............................................. 6

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05 Civ. 9883, 2006 WL 1190691 (S.D.N.Y. May 1, 2006)................................................. 5

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016)........................................................................................ 6

*Lax v. First Merchs. Acceptance Corp.*,
    No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).................................................. 5

*Maeshiro v. Yatsen Holding Ltd.*,
    22 Civ. 8165, 2023 WL 4684106 (S.D.N.Y. July 21, 2023) ...................................................... 6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................... 5

*Robison v. Digital Turbine, Inc.*,
    No. 22 Civ. 550, 2022 WL 17881476 (W.D. Tex. Dec. 19, 2022)............................................. 6

i

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
   No. 16 Civ. 2758, 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ................................................ 6

**Statutes**

15 U.S.C. § 77k(e) ............................................................................................................... 5

15 U.S.C. § 77z-1 ................................................................................................................ 1

15 U.S.C. § 77z-1(a)(1) ...................................................................................................... 3

15 U.S.C. § 77z-1(a)(3)(A)(i) ............................................................................................. 3

15 U.S.C. § 77z-1(a)(3)(A)(i)(II) ........................................................................................ 4

15 U.S.C. § 77z-1(a)(3)(B)(i) ............................................................................................. 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ..................................................................................... 1, 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) ................................................................................. 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) .................................................................................. 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ...................................................................................... 7

15 U.S.C. § 77z-1(a)(3)(B)(v) .......................................................................................... 2, 8

**Other Authorities**

1995 U.S.C.C.A.N. 730 ....................................................................................................... 8

H.R. Conf. Rep. No. 104-369, (1995) .................................................................................. 8

**Rules**

Fed. R. Civ. P. 23(a)(4) ...................................................................................................... 7

Edward Liu ( "Movant") respectfully submits this Memorandum of Law in support of his motion for: (i) appointment as Lead Plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 ("PSLRA"); and (ii) approval of his selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for Lead Plaintiff and the proposed class.

## I.    INTRODUCTION

This securities class action lawsuit (the "Action"), which asserts claims under the Securities Act of 1933 (the "Securities Act"), was brought on behalf of a putative class of persons and entities that acquired the common stock of StubHub Holdings, Inc. ("StubHub" or "the Company") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2025 initial public offering ("IPO" or the "Offering").

Under the PSLRA, the Court is tasked with appointing the Lead Plaintiff in the Action. The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Securities Act.  Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the investor: (i) making a timely motion under the PSLRA's sixty-day deadline; (ii) that asserts the largest financial interest in the litigation; and (iii) that also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  Movant meets these requirements because: (i) he timely filed this motion for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23.  *See id*.; *see also* Section III.A, *infra*.

Finally, the Court should approve Movant's choice of Lead Counsel.  Movant has retained experienced and competent counsel, who are fully familiar with the federal securities laws and have successfully represented clients in numerous securities class action lawsuits.  As the "most

1

adequate plaintiff" under the PSLRA, the Court should, respectfully, defer to Movant's selection of counsel and appoint Kirby McInerney as Lead Counsel for the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

StubHub operates a global ticketing marketplace for live events where fans can buy tickets from sellers of all types through the Company's StubHub and viagogo websites and mobile applications.

The Action alleges that the Registration Statement was materially false and misleading and omitted to disclose that: (i) StubHub was experiencing changes in the timing of payments to vendors, (ii) those changes had a significant adverse impact on free cash flow, including trailing twelve months ("TTM") free cash flow, (iii) as a result, the Company's free cash flow reports were materially misleading, and (iv) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

On September 17, 2025, two weeks before the end of the third fiscal quarter of 2025, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. The Company sold approximately 34,042,553 shares of Class A common stock at a price of $23.50 per share in the IPO. The Company received proceeds of approximately $758 million from the Offering, net of underwriting discounts and commissions. The proceeds from the IPO were purported to be used to repay certain debts, satisfy anticipated tax withholding and remittance obligations, and for general corporate purpose, including working capital, operating expenses and capital expenditures or to acquire or make investments in businesses, products, offerings and technologies.

On November 13, 2025, after the market closed, StubHub issued a press release announcing financial results for the third quarter of 2025, which ended on September 30, 2025. The press release revealed free cash flow of negative $4.6 million in the quarter, a 143% decrease from the Company's free cash flow in the same period a year prior, which was positive $10.6 million. The press release further revealed that the Company's net cash provided by operating activities was only $3.8 million, a 69.3% decrease from the same period a year prior, where the Company reported $12.4 million in net cash provided by operating activities.

On the same date, the Company filed a quarterly report on Form 10-Q with the SEC for the period ended September 30, 2025. The quarterly report revealed that this year-over-year decrease "primarily reflects changes in the timing of payments to vendors." On this news, the price of StubHub common stock fell by $3.95 per share, or approximately 20.9%, to close at $14.87 per share on November 14, 2025, on unusually heavy volume.

On the date that the Action was commenced (November 24, 2025), StubHub common stock closed at $12.01 per share, a nearly 50% decline from the IPO price.

III.     ARGUMENT

A.     Edward Liu Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). First, the plaintiff who files the action must publish a notice within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 77z-1(a)(3)(A)(i). Here, the relevant notice was published in *Business Wire* on November 24, 2025. *See* Declaration of Thomas W. Elrod in

3

Support of Movant Edward Liu's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Elrod Decl.") Ex. A, filed concurrently herewith.  Within sixty days after publication of the notice, any members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).

Second, the PSLRA provides that the Court shall consider any timely motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

(aa)  has either filed the complaint or made a motion in response to a notice . . . ;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

**1.     This Motion is Timely**

The notice published in this action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from the November 24, 2025 publication of the notice, *i.e.*, January 23, 2026.  *See* Elrod Decl., Ex. A.  As this Motion is being filed on January 23, 2026, it is timely.  Thus, Movant has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

4

### 2.    Movant Edward Liu Has the Largest Financial Interest in the Relief Sought by the Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class."    15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883, 2006 WL 1190691, at *2-3 (S.D.N.Y. May 1, 2006).[12]

Here, as shown by the PSLRA certification executed by Movant and the loss chart submitted by Movant (*see* Elrod Decl., Exs. B and C), Movant purchased 38,953 shares of StubHub common stock pursuant and/or traceable to the Registration Statement at $23.48 per share for a total net expenditure of $914,616.44.   Movant did not sell any shares prior to the commencement of the action or prior to the November 13, 2025 corrective disclosure, therefore Movant purchased 38,953 shares on a net basis during the relevant period. Movant has $446,790.91 in statutory damages under Section 11 of the Securities Act.  *See* 15 U.S.C. § 77k(e). This figure is derived from the difference between Movant's purchase price of $23.48 per share and StubHub's share price of $12.01 at the time the Action was filed, and for the 38,953 shares Movant purchased pursuant and/or traceable to the Registration Statement ($914,616.44 - $467,825.53).   Additionally, Movant has $153,864.35 in damages from the November 13, 2025

---

[1] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, No. 21 Civ. 3299, 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021).  Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered.  *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors."  *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (internal quotations and citation omitted).

[2] Lead plaintiff rulings from cases alleging claims under the Securities Exchange Act of 1934 are generally applicable to lead plaintiff motions in Securities Act cases as well, because the lead plaintiff provisions of the two acts are identical.

corrective disclosure under *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005).[3]  *See Maeshiro v. Yatsen Holding Ltd.*, 22 Civ. 8165, 2023 WL 4684106, at *5 n. 7 (S.D.N.Y. July 21, 2023) (accepting *Dura*-adjusted LIFO method excluding any losses from shares bought and sold prior to a corrective disclosure); *see also Robison v. Digital Turbine, Inc.*, No. 22 Civ. 550, 2022 WL 17881476, at *7 (W.D. Tex. Dec. 19, 2022); *Hoang v. ContextLogic, Inc.*, No. 21 Civ. 3930, 2022 WL 1539533, at *7 (N.D. Cal. May 16, 2022).  *See* Elrod Decl., Ex. C.

To the best of Movant's counsel's knowledge, Movant's financial interest in this matter is the largest of any known lead plaintiff movant.  Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Movant Edward Liu Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16 Civ. 2758, 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016).  At the Lead Plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the Lead Plaintiff's claims are typical and adequate.  *See Kux-Kardos v. VimpelCom*, Ltd., 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016).  Here, Movant satisfies the typicality requirement for purposes of selecting a Lead Plaintiff because, like other class members, he: (i) purchased StubHub common stock pursuant and/or traceable to the Registration Statement; (ii) paid allegedly inflated prices because of claimed

---

[3] Damages from the corrective disclosure are calculated as the difference between 1) the lesser of the shares' purchase price ($23.48) and the closing price immediately prior to the corrective disclosure ($18.82), and 2) the higher of the sale price (not applicable) and the closing price immediately following the corrective disclosure ($14.87).  This difference is multiplied by the number of shares purchased prior to the corrective disclosure and still held at the time of the corrective disclosure (38,953).  *See* Elrod Decl., Ex. C.

misrepresentations and omissions by defendants; and (iii) thereby suffered damages. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Movant also satisfies Rule 23(a)(4)'s adequacy requirement. The adequacy of representation requirement is satisfied when a representative party establishes that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in this District assess a movant's adequacy based on the following: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 08 Civ. 8761, 2009 WL 1321167, at *1-2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Here, Movant is an adequate Lead Plaintiff because his interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between Movant's interests and those of the other members of the class and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the class.

Further, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of adequately representing the class," because no such evidence exists. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement. Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff

appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged StubHub investors here.

Finally, as described below, Movant has further demonstrated his adequacy by having selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the class.

All of the foregoing factors sufficiently evidence Movant's satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

**B.      The Court Should Approve Movant Edward Liu's Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), as reprinted in 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Kirby McInerney as Lead Counsel to represent the proposed Class. Kirby McInerney has over seventy years of experience representing investors in securities class action litigation and possesses the resources necessary to efficiently conduct this litigation. In particular, before this Court, Kirby McInerney acted as lead counsel for a group of Singapore-based retail investors in a fraud-based class action against Morgan Stanley regarding credit-linked notes Morgan Stanley issued through a Cayman Islands-registered special purpose vehicle. *See Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ. 8086, 2013 WL 5658790 (S.D.N.Y. July 9, 2015) (Furman, J.) at ECF No. 206. There, the Court approved a settlement of $20 million for the class following the Court's order certifying the plaintiffs common law fraud

8

claims. *See* Elrod Decl., Ex. D. Additionally, attorney Andrew M. McNeela of Kirby McInerney, who was the lead attorney for the plaintiffs in *Dandong,* would primarily litigate the Action. Prior to joining Kirby McInerney, Mr. McNeela served as an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Southern District of New York from 2003 to 2008.

In light of the foregoing, the Court should approve Movant's selection of Lead Counsel for the Class.

## IV.    CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) appoint him to serve as Lead Plaintiff in this securities class action and (ii) approve his selection of Kirby McInerney to serve as Lead Counsel for Lead Plaintiff and the proposed class.

Dated: January 23, 2026

By: */s/ Thomas W. Elrod*
Thomas W. Elrod
Andrew M. McNeela
Ira M. Press
Lauren K. Molinaro
**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: telrod@kmllp.com
 amcneela@kmllp.com
 ipress@kmllp.com
 lmolinaro@kmllp.com

*Counsel for Lead Plaintiff Movant Edward Liu and
Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Thomas W. Elrod
Thomas W. Elrod

11

## CERTIFICATION OF WORD COUNT

I hereby certify that this Memorandum of Law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and does not exceed 8,750 words.  This Memorandum of Law contains 2,715 words.

/s/ Thomas W. Elrod
Thomas W. Elrod