UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

DANIEL SALABAJ, Individually and on
Behalf of All Others Similarly Situated,

                     Plaintiff,

      vs.

STUBHUB HOLDINGS, INC., ERIC H.
BAKER, CONNIE JAMES, MARK
STREAMS, SAMEER BHARGAVA,
JEREMY LEVINE, J.P. MORGAN
SECURITIES LLC, GOLDMAN SACHS &
CO. LLC, BOFA SECURITIES, INC.,
EVERCORE GROUP L.L.C., BMO CAPITAL
MARKETS CORP., MIZUHO SECURITIES
USA LLC, TD SECURITIES (USA) LLC,
TRUIST SECURITIES, INC., NOMURA
SECURITIES INTERNATIONAL, INC., WR
SECURITIES, LLC, CITIZENS JMP
SECURITIES, LLC, OPPENHEIMER & CO.
INC., WEDBUSH SECURITIES INC., and
PNC CAPITAL MARKETS LLC,

                   Defendants.

————————————————————————— x

Civil Action No. 1:25-cv-09776-JMF

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL

4909-1919-0666.v1

## I.    INTRODUCTION

The above-captioned securities fraud class action alleges violations of §§11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77k, 77l(a)(2), and 77o.  The claims are brought on behalf of all purchasers of StubHub Holdings, Inc. ("StubHub" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with StubHub's September 2025 initial public stock offering (the "IPO").  *See* ECF 1.

The PSLRA provides that within 90 days after publication of the notice, the Court "shall consider any motion made by a purported class member" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i).  Here, Tushar Bajaj should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in this litigation; and (3) will fairly and adequately represent the interests of the class.  In addition, Mr. Bajaj's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

Headquartered in New York, New York, StubHub operates a ticketing marketplace for live event tickets worldwide.  On or about September 17, 2025, StubHub conducted its IPO, issuing approximately 34 million shares of common stock to the public at the offering price of $23.50 per share.  The Company's common stock trades on the New York Stock Exchange under the ticker symbol STUB.

The complaint alleges that the IPO's offering documents were materially false and/or misleading and/or failed to disclose that: (i) StubHub was experiencing changes in the timing of

- 1 -

payments to vendors; (ii) those changes had a significant adverse impact on free cash flow, including trailing 12 months free cash flow; and (iii) as a result, StubHub's free cash flow reports were materially misleading. The quarterly report allegedly revealed that this year-over-year decrease "primarily reflects changes in the timing of payments to vendors." ECF 1 at ¶5.

On November 13, 2025, StubHub issued a press release announcing financial results for the third quarter of 2025, which ended September 30, 2025, revealing free cash flow of negative $4.6 million in the quarter, a 143% decrease. The Company further revealed its net cash provided by operating activities was only $3.8 million, a 69.3% decrease. On this news, StubHub's stock price fell by nearly 21%.

By the commencement of this action, StubHub's stock price was trading as low as $10.31 per share, a nearly 56% decline from the $23.50 per share IPO price.

## III.    ARGUMENT

### A.    Mr. Bajaj Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff arising under the Securities Act brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §77z-1(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

4909-1919-0666.v1

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  Mr. Bajaj meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Bajaj Timely Moved for Appointment

The statutory notice of this action was published on November 24, 2025, advising class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by no later than January 23, 2026.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Because this motion is being timely filed by the statutory deadline, Mr. Bajaj is entitled to be considered for appointment as lead plaintiff.

### 2.    Mr. Bajaj Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his PSLRA Certification and loss chart, Mr. Bajaj suffered $89,108 in losses on his purchases of StubHub common stock pursuant and/or traceable to the IPO.  *See* Rosenfeld Decl., Exs. B, C.  To the best of Mr. Bajaj's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    Mr. Bajaj Otherwise Satisfies Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  At this early stage of litigation, only typicality and adequacy are pertinent.  *See Roofers Local No. 149 Pension Fund v. Amgen Inc.*, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023).  "The typicality requirement is

satisfied when the representative party's claims 'arise from the same course of events' as those of the rest of the class, and when that party 'makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "And the adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* (citation omitted).

Here, Mr. Bajaj meets the typicality requirement because, just like all other class members, he purchased StubHub common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with the IPO, and suffered damages thereby. Thus, Mr. Bajaj's claims are typical of those of other class members because every claim arises out of the same course of events and is based on the same legal theories.

Mr. Bajaj is adequate because, as evidenced by his sworn Certification and Declaration, he is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses Mr. Bajaj suffered. *See* Rosenfeld Decl., Exs. B, D. Mr. Bajaj also has more than 20 years of investing experience and is familiar with selecting and overseeing counsel. *See* Rosenfeld Decl., Ex. D. Finally, Mr. Bajaj has selected qualified counsel to represent him and the putative class. *See* §III.B., *infra*.

As such, Mr. Bajaj has made the *prima facie* showing of typicality and adequacy under Rule 23 for the purposes of this motion.

### B.    Mr. Bajaj's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Mr. Bajaj has selected Robbins Geller to

- 4 -

serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York and several other states, specializes in complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See In re Am. Realty Cap. Props., Inc. Litig.,* No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job."); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701-JPO (S.D.N.Y.) ($388 million recovered as sole lead counsel).

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4909-1919-0666.v1

Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]  Thus, the Court should approve Mr. Bajaj's selection of Robbins Geller as lead counsel.

## IV.    CONCLUSION

Mr. Bajaj satisfies each of the PSLRA's criteria for appointment as lead plaintiff and approval of his selection of counsel.  Accordingly, Mr. Bajaj respectfully requests that the Court grant his motion.

DATED:  January 23, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                    *s/ David A. Rosenfeld*
                                    DAVID A. ROSENFELD

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4909-1919-0666.v1

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 1,819 words.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

- 7 -

4909-1919-0666.v1