**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SALABAJ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STUBHUB HOLDINGS, INC., ERIC H. BAKER, CONNIE JAMES, MARK STREAMS, SAMEER BHARGAVA, JEREMY LEVINE, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., BMO CAPITAL MARKETS CORP., MIZUHO SECURITIES USA LLC, TD SECURITIES (USA) LLC, TRUIST SECURITIES, INC., NOMURA SECURITIES INTERNATIONAL, INC. WR SECURITIES, LLC, CITIZENS JMP SECURITIES, LLC, OPPENHEIMER & CO. INC., WEDBUSH SECURITIES INC., and PNC CAPITAL MARKETS LLC,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-09776 (JMF)<br><br>CLASS ACTION |

**EDWARD LIU'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING
MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT .................................................................................................... 2

    A.    The PSLRA-Mandated Procedure For Appointing A Lead Plaintiff ............................. 2

    B.    Liu Has the Largest Financial Interest in the Relief Sought by the Class ...................... 3

    C.    Liu Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ...................... 4

    D.    Liu's Selection of Counsel Should Be Approved ............................................... 6

III.    CONCLUSION ................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*Africa v. Jianpu Tech. Inc.,*
  21 Civ. 1419 (JMF), 2021 WL 1999467 (S.D.N.Y. May 19, 2021).......................................... 5

*Atansio v. Tenaris, S.A.,*
  331 F.R.D. 21 (E.D.N.Y. 2019) ................................................................................................. 5

*Bo Young Cha v. Kinross Gold Corp.,*
  No. 12 Civ. 1203 (PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012).................................... 3

*Cortina v. Anavex Life Sciences Corp.,*
  15 Civ. 10162, 2016 WL 1337305 (S.D.N.Y. Apr. 5, 2016)...................................................... 5

*Denny v. Canaan, Inc.,*
  No. 21 Civ. 3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) ...................................... 5

*In re Fuwei Films Sec. Litig.,*
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................... 3

*Goldstein v. Puda Coal, Inc.,*
  827 F. Supp. 2d 348 (S.D.N.Y. 2011)........................................................................................ 5

*Kaplan v. Gelfond,*
  240  F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................ 3

*Kasilingam v. Tilray, Inc.,*
  No. 20 Civ. 3459 (PAC), 2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020).................................... 5

*Kokkinis v. Aegean Marine Petroleum Network Inc.,*
  No. 11 Civ. 0917 (BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)........................... 4

*Kux-Kardos v. VimpelCom,* Ltd.,
  151 F. Supp. 3d 471 (S.D.N.Y. 2016)........................................................................................ 4

*Patel v. Reata Pharms., Inc.,*
  549 F. Supp. 3d 559 (E.D. Tex. 2021)....................................................................................... 5

*Schlaegel v. Palo Alto Networks Inc.,*
  No. 24 Civ. 1156, 2024 WL 3747410 (N.D. Cal. Aug. 9, 2024)................................................ 5

*Takara Tr. v. Molex Inc.,*
  229 F.R.D. 57 (N.D. Ill. 2005).................................................................................................... 3

*Tenneson v. Nikola Corp.*,
  No. 23 Civ. 2131, 2024 WL 905244 (D. Ariz. Feb. 29, 2024) ..................................................... 5

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
  No. 16 Civ. 2758, 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ................................................ 4

*Topping v. Deloitte Touche Tohmatsu CPA*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015) ........................................................................................... 6

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................................. 6

**Statutes**

15 U.S.C. § 77k(e) ............................................................................................................................ 3

15 U.S.C. § 77z-1(a)(3)(B) ........................................................................................... 1, 2, 3, 4, 6

Lead Plaintiff Movant Edward Liu ("Liu") respectfully submits this memorandum of law in opposition to the competing motions for appointment as Lead Plaintiff and approval of selection of Lead Counsel (ECF Nos. 33, 34, 38, 49, and 54).[1]

## I.    INTRODUCTION

In addition to Liu (ECF No. 45), six other movants filed timely motions for appointment as Lead Plaintiff and approval of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Alex Gogh ("Gogh") (ECF No. 31), Paul Kuk ("Kuk") (ECF No. 33), Anthony Mastrogiovanni ("Mastrogiovanni") (ECF No. 34), Steven Eskenazi ("Eskenazi") (ECF No. 38), Ariel Karten ("Karten") (ECF No. 41), and Tushar Bajaj ("Bajaj") (ECF No. 49). Subsequently, Karten withdrew his motion (ECF No. 53), and Gogh filed a notice of non-opposition (ECF No. 54). The remaining movants in addition to Liu are referred to herein as the "Competing Movants."

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only by showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

Here, Liu satisfies all three requirements to be the presumptively most adequate plaintiff.

---

[1] Unless otherwise noted, all references to "ECF No." refer to *Salabaj v. StubHub Holdings, Inc. et al.*, No. 25 Civ. 9776 (S.D.N.Y. 2025) (the "Action").

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). *First*, he filed a timely motion for appointment as lead plaintiff. *See* ECF No. 46 at 4. *Second*, he satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See id* at 6-8. *Finally*, Liu has the largest financial interest in the relief sought by the class. *See* Section II.B, *infra.*

While each Competing Movant claims to have the largest financial interest in the relief sought by the class (ECF Nos. 32 at 4-5, 33-2 at 4-5, 35 at 5, 39 at 3, 43 at 5-6, and 50 at 3), Liu has the largest interest by far; more than two and a half (2.5) times the financial interest of the next largest movant loss, and more than the Competing Movants' combined losses. *See* Section II.B, *infra.* Accordingly, Liu is entitled to the PSLRA's "most adequate plaintiff" presumption, and the motion of the Competing Movants should be denied.

## II.      ARGUMENT

### A.      The PSLRA-Mandated Procedure For Appointing A Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

2

representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### B.    Liu Has the Largest Financial Interest in the Relief Sought by the Class

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008).[2] Of these factors, losses suffered is the most important. *See id.* at 437. In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).[3]

Here, Liu has by far the largest financial interest in this matter as measured by every factor:[4]

| | Table 1: Movants' Reported Financial Interests | | | |
|---|---|---|---|---|
| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Claimed § 11(e) Damages |
| **Liu** | **38,953** | **38,953** | **$914,616.44** | **($446,790.91)** |
| Eskenazi | 25,000 | 25,000 | $474,856.00 | ($174,606.00) |
| Gogh | 10,200 | 10,200 | $226,702.00 | ($104,476.00) |
| Bajaj | 10,000 | 10,000 | $209,208.00 | ($89,108.00) |
| Kuk | 2,919 | 2,919 | $68,596.50 | ($37,071.00)[5] |

---

[2] Lead plaintiff rulings from cases alleging claims under the Securities Exchange Act of 1934 are generally applicable to lead plaintiff motions in cases alleging claims under the Securities Act of 1933 as well, because the lead plaintiff provisions of the two acts are identical.

[3] *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same) (citing *Takara Tr.,* 229 F.R.D. at 579); *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor.").

[4] Figures are derived from the movants' respective loss charts submitted with their lead plaintiff motions. *See* ECF Nos. 33-5, 36-3, 37-2, 40-2, 44-1, 47-3, and 51-3.

[5] Kuk's loss chart implies a retained value of $10.80 (retained value of $31,525.20 divided by 2,919 retained shares). Pursuant to Section 11, 15 U.S.C. § 77k(e), damages are calculated as the difference of 1) the lesser of the purchase price ($23.50) and the price at which shares were offered in the IPO ($23.50), and 2) the greater of a) the closing price of the shares on the day of the Suit ($12.01), b) the price at which shares were sold if sold before the Suit was filed

| Mastrogiovanni | 1,000 | 1,000 | $22,644.00 | ($10,634.00) |
|---|---|---|---|---|
| Karten | 101 | 101 | $2,559.00 | ($1,160.00) |

Liu's loss is more than two and a half (2.5) times that of the Competing Movant claiming the second largest loss, Eskenazi. *See* Table 1, *supra.* As such, Liu has the largest financial interest in the relief sought by the class.

### C.    Liu Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16 Civ. 2758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016).

Liu's claims are clearly typical of the Class's claims. Like other class members, Liu: (i) purchased StubHub common stock pursuant and/or traceable to the Registration Statement; (ii) paid allegedly inflated prices because of claimed misrepresentations and omissions by defendants; and (iii) thereby suffered damages. Since the factual and legal bases of Liu's claims are similar to the rest of the Class, he satisfies the typicality requirement. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016).

Liu also satisfies Rule 23(a)(4)'s adequacy requirement. As evidenced by Liu's PSLRA certification, Liu's interests are aligned with the Class. *See Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917 (BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (finding that the movant's certification evidenced adequacy as lead plaintiff).

To the extent the Competing Movants contend that Liu has not provided sufficient biographical information, that argument would have no merit for at least three reasons. *First*, many

---

(not applicable), or c) the price at which shares were sold if sold after the Suit was filed but before Judgment (not applicable). Therefore, Kuk's estimated losses are approximately $33,539.31. *See* ECF No. 33-5.

courts have found that lead plaintiffs need not provide personal information beyond what is included in a PSLRA certification.[6] *Second*, this Court has routinely appointed lead plaintiffs who did not furnish such information.[7] *Third*, even if the Court requires additional movant information, Liu's declaration submitted herewith supports his adequacy and typicality. *See* Declaration of Andrew M. McNeela in Support of Proposed Lead Plaintiff Edward Liu's Memorandum of Law in Opposition to the Competing Motions for Appointment of Lead Plaintiff and Approval of Lead Counsel, at Exhibit A (annexing Declaration of Edward Liu in Further Support of Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel (hereinafter "Liu Decl.")).[8] Like the rest of the Class, Liu purchased StubHub securities during the relevant period

---

[6] *See Atansio v. Tenaris, S.A.,* 331 F.R.D. 21, 30 (E.D.N.Y. 2019) ("City of Warren argues that [lead plaintiff movant] Sanders has failed to even attempt to make the *prima facie* Rule 23 showing because they provided their names and nothing more in their initial moving papers . . . . This is not true. Sanders attested to purchasing Tenaris stock during the class period, and submitted sworn certifications stating that they did not acquire Tenaris stock at the direction of counsel while indicating their willingness to serve as lead plaintiff . . . . They also submitted information on the qualifications of their chosen counsel . . . . *Nothing more has been required of putative lead plaintiffs, even when they are individuals rather than institutional investors*.") (emphasis added and internal quotation marks omitted); *see also Schlaegel v. Palo Alto Networks Inc.*, No. 24 Civ. 1156, 2024 WL 3747410, at *6 (N.D. Cal. Aug. 9, 2024) ("The Court's typicality determination is based not on biographical information, but on whether 'other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"); *Tenneson v. Nikola Corp.*, No. 23 Civ. 2131, 2024 WL 905244, at *9 (D. Ariz. Feb. 29, 2024) ("Neither the PSLRA nor Fed. R. Civ. P. 23(a) specifically required [movant] to provide additional details such as his age, investment experience, or more thorough understanding of the role of a lead plaintiff."), *report and recommendation adopted*, No. 23 Civ. 2131, 2024 WL 1796119 (D. Ariz. Apr. 25, 2024); *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 570 (E.D. Tex. 2021) ("Courts regularly reject the notion that detailed background information is required by a lead-plaintiff movant to show that he or she is adequate and typical.").

[7] *Compare Africa v. Jianpu Tech. Inc.,* 21 Civ. 1419 (JMF), 2021 WL 1999467, at *3 (S.D.N.Y. May 19, 2021) (granting lead plaintiff motion where movant did not provide background information beyond movant's PLSRA certification) *with Africa v. Jianpu Tech. Inc.*, No. 21 Civ. 1419 (JMF) (S.D.N.Y. 2021) at ECF Nos. 15-18; *see also Cortina v. Anavex Life Sciences Corp.*, 15 Civ. 10162, 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016), *compare with Cortina v. Anavex Life Sciences Corp.*, 15 Civ. 10162 (S.D.N.Y. 2015) at ECF Nos. 20-22 (same); *see also Saraf v. Ebix, Inc.,* No. 21 Civ. 1589 (JMF) (S.D.N.Y. 2021), at ECF Nos. 11-13, 30 (same).

[8] A movant for appointment as lead plaintiff may permissibly provide additional background information after the filing of his or initial motion papers. *See Denny v. Canaan, Inc.*, No. 21 Civ. 3299 (JPC), 2021 WL 5847647, at *3-4 (S.D.N.Y. Dec. 9, 2021) (holding that it is appropriate to consider additional information as to movants' background, investment experience, choice of counsel, and understanding of their responsibilities if selected as lead plaintiff, filed *after* the initial motion for appointment as lead plaintiff); *Kasilingam v. Tilray, Inc.*, No. 20 Civ. 3459 (PAC), 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020) (considering movant declaration submitted on reply); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (accepting declaration of a group of investors after initial motion papers were filed).

and incurred substantial losses attributed to Defendants' violations of the securities laws. He is college-educated, has been investing in the stock market for approximately 20 years, and manages his own investments. *See* Liu Decl. ¶¶ 2-8.

Liu also has demonstrated his adequacy by having selected and retained highly competent counsel. As such, Liu should be appointed as Lead Plaintiff, and no other movant is entitled to consideration. *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

### D.  Liu's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Accordingly, Liu's selection of Kirby McInerney as lead counsel for the Class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Liu retained Kirby McInerney on December 9, 2025. *See* Exhibit A, Liu Decl. ¶ 4. Kirby McInerney has the expertise, resources, and experience needed to effectively conduct this litigation. *See* ECF No. 47-4 (Kirby McInerney firm résumé). Kirby McInerney has significant experience successfully representing injured investors. *See id.*

By approving Liu's selection of lead counsel, the Court will ensure that the Class will receive the highest caliber of legal representation. *See* ECF No. 46 at 8-9. Accordingly, Liu's selection of lead counsel for the Class should be approved.

### III.  CONCLUSION

For all the foregoing reasons, Liu respectfully requests that the Court: (i) deny the competing motions; (ii) appoint him to serve as Lead Plaintiff in this securities class action; and

6

(iii) approve his selection of the law firm of Kirby McInerney to serve as Lead Counsel for Lead Plaintiff and the proposed class.

Dated: February 4, 2026

**KIRBY McINERNEY LLP**

By: */s/ Andrew M. McNeela*
Andrew M. McNeela
Thomas W. Elrod
Ira M. Press
Lauren K. Molinaro
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 212-371-6600
Email: amcneela@kmllp.com
        telrod@kmllp.com
        ipress@kmllp.com
        lmolinaro@kmllp.com

*Counsel for Lead Plaintiff Movant Edward Liu and Proposed Lead Counsel for the Class*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Andrew M. McNeela
Andrew M. McNeela

8

## CERTIFICATE OF WORD COUNT

I hereby certify that on this Memorandum of Law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and does not exceed 8,750 words. This Memorandum of Law contains 2,358 words.

*/s/ Andrew M. McNeela*
Andrew M. McNeela

9